**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARRY GERARD BROWN | : | |
| | : | |
| Appellant | : | No. 1410 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 5, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000555-2018

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED FEBRUARY 21, 2020**

Appellant, Garry Gerard Brown, appeals from the judgment of sentence of 1-4 years' incarceration, imposed following his *nolo contendere* plea to indecent assault, corruption of minors, and endangering the welfare of children.[1]  The trial court also designated Appellant to be a sexually violent predator (SVP) pursuant to 42 Pa.C.S. § 9799.24.  Appellant challenges the legality of his SVP designation on multiple constitutional grounds.  After careful review, we vacate the order designating Appellant to be an SVP, and remand for a new SVP hearing, but affirm Appellant's judgment of sentence in all other respects.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Respectively, 18 Pa.C.S. §§ 3126(a)(1), 6301(a)(1)(ii), and 4304(a).

The facts underlying Appellant's conviction are not germane to this matter. Appellant entered into a negotiated guilty plea to the aforementioned offenses on August 30, 2018. Trial Court Opinion (TCO), 6/28/19, at 1. The trial court ordered him to undergo an SVP assessment, but during the assessment process, Appellant indicated an unwillingness to admit guilt, despite his prior plea. *Id.* As a result, on January 7, 2019, Appellant withdrew his guilty plea and entered a *nolo contendere* plea to the same charges. Subsequently, the trial court held a joint SVP/sentencing hearing on April 5, 2019. At that proceeding, after hearing testimony from the Commonwealth's expert and argument from both parties, the trial court designated Appellant to be an SVP. *Id.* at 1-2. The court then imposed a sentence of 1-4 years' incarceration pursuant to the negotiated terms of the plea. *Id.* at 2.

Appellant filed a timely notice of appeal from the judgment of sentence, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on June 28, 2019. Appellant now presents the following questions for our review:

1. Is the determination of Appellant as a[n] [SVP] and Act 29 punitive as a whole?

2. Is [Section] 9799.24 of Act 29, subchapter H[,] a violation of Appellant's Federal and Pennsylvania constitutional rights because the registration requirements are a punitive, criminal penalty and, therefore, a greater degree of proof than what is imposed under [Section] 9799.24(e)(3) is needed to find Appellant an SVP?

3. Does [Section] 9799.24, subchapter H[,] violate the Pennsylvania Constitution because it deprives Appellant of

> the fundamental right to reputation without due process of law?

Appellant's Brief at 4 (unnecessary capitalization omitted).

As background, the General Assembly passed the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41 (effective December 20, 2012), ostensibly to improve upon Pennsylvania's previous sex offender registration and reporting system. However, in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), our Supreme Court concluded that the registration requirements for sex offenders under SORNA constituted criminal, rather than merely civil, sanctions. *Id.* at 1218. In *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), this Court, synthesizing *Muniz* and *Alleyne v. United States*, 570 U.S. 99 (2013), held that Section 9799.24(e)(3), which provided that an SVP designation be proven by only clear and convincing evidence, "violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." *Butler*, 173 A.3d at 1218. Subsequently, the General Assembly sought to amend SORNA to address the constitutional defects identified by our Supreme Court in *Muniz*. Act 10 amended portions of SORNA and added the provisions set forth in 42 Pa.C.S. §§ 9799.42 and 9799.51-9799.75. Act 10 became effective immediately on February 21, 2018. SORNA and Act 10 were further amended by Act 29, which came into effect on June 12, 2018.

Here, Appellant challenges the constitutionality of the current version of SORNA, as it exists following the modifications made by the General Assembly in Act 10 and Act 29 (Current SORNA). It is clear that Current SORNA should have applied in this case, as Appellant's SVP/sentencing hearing occurred on April 5, 2019, long after Act 29's effective date. However, it is not at all clear that Current SORNA was applied at Appellant's SVP hearing, or in the court's recitation of Appellant's registration and reporting requirements. Indeed, the Commonwealth concedes that "the written and oral colloquies that Appellant completed at the time of his plea were based on the sex offender registration law as it existed prior to the passage of Act 10 and Act 29." Commonwealth's Brief at 7. Consequently, the Commonwealth recommends that we remand "for Appellant to be properly advised of registration and notification requirements under the current applicable law." *Id.*

The trial court attempts to avoid all constitutional concerns by declaring, with virtually no analysis, that "the evidence presented by the Commonwealth at the SVP hearing was sufficient to declare Appellant a[n] SVP beyond a reasonable doubt." TCO at 3. The trial court made no other attempt to address Appellant's constitutional claims in its opinion.

We note that in **Butler**, this Court deemed Section 9799.24(e)(3) unconstitutional. That provision's replacement under Current SORNA, 42 Pa.C.S. § 9799.58(e)(3), contains identical text. That constitutional defect (if it remains a defect under Current SORNA), cannot be cured by *ad hoc* modifications by non-legislative bodies. In **Commonwealth v. Valentine**,

1010 A.3d 801 (Pa. Super. 2014), this Court considered an analogous scheme where, in order to salvage a mandatory-minimum sentencing provision rendered unconstitutional by *Alleyne*, the trial court allowed the submission of interrogatories to a jury to determine if the defendant had possessed a weapon, rather than determining that fact at sentencing under a lesser standard of proof, as the unconstitutional provision of the statute dictated. We rejected that *ad hoc* procedure, holding that "the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory-minimum sentences in compliance with *Alleyne*." *Valentine*, 101 A.3d at 811. Similarly, here, the trial court cannot correct or avoid potential constitutional infirmities in Current SORNA by applying a different standard than decreed by the General Assembly in the applicable statute.

Out of an abundance of caution, due to these irregularities in the trial court's designating Appellant to be an SVP, and in the court's advising him of the applicable registration and reporting requirements that accompany his SVP status, and because Appellant's constitutional claims are not properly before us if he was not subject to Current SORNA registration and reporting requirements below, we decline to address Appellant's claims at this time. We instead vacate Appellant's SVP designation, and remand for a new SVP hearing, at which the trial court is instructed to apply Current SORNA as is,

without any *ad hoc* modifications to the standard.[2]  Appellant may then file a direct appeal following the trial court's entry of a new SVP order.  However, we affirm Appellant's judgment of sentence in all other respects.

Judgment of sentence **affirmed** in part.  SVP order **vacated**.  Case **remanded** for a new SVP hearing.  Jurisdiction **relinquished**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/20

---

[2] We leave it to the trial court's discretion whether to entertain additional testimony, or to simply incorporate the testimony provided at the April 5, 2019 hearing.